39 F.3d 1178
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William Bartholomew PRECHTL, III, Plaintiff Appellant,
v.
Parker EVATT, Commissioner, South Carolina Department of
Corrections; S. R. Witkowski, Warden; Shirley Austin,
Classification Caseworker; Wendell Rump, Mail Room, each of
Perry Correctional Institution; each sued in their
individual and official capacities; Roena Williams; Dwayne
Monroe, Defendants Appellees,
and
John Doe Insurance Companies, Unknown, Defendant.
 No. 94-6630.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 25, 1994.
Decided Nov. 14, 1994.
 
 William Bartholomew Prechtl, III, Appellant Pro Se. John Joseph Fantry, Jr., Raymon E. Lark, Jr., BELSER, LEWIS & ROGERS, P.A., Columbia, SC, for Appellees.
 D.S.C.
 AFFIRMED.
 Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's orders denying relief on his 42 U.S.C. Sec. 1983 (1988) complaint. Although we deny Respondents' motion to dismiss the appeal, our review of the record and the district court's opinions accepting the recommendations of the magistrate judge discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court. Prechtl v. Evatt, No. 90-2775-3-17 (D.S.C. Mar. 30, 1993; Feb. 8 and May 25, 1994).* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We note the district court did not address Prechtl's claim that his rights were violated because jail employees removed an extension cord, cooler, and footlocker from his cell. This does not require a remand because the claim is meritless. See Daniels v. Williams, 474 U.S. 327, 333 (1986) (negligent deprivation of inmate property by state employees does not constitute a constitutional violation); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional random actions by state employees do not implicate procedural due process rights if the State provides an adequate post deprivation remedy, as South Carolina does, i.e., S.C.Code Ann. Secs. 15-78-10 to 15-78-190 (Law. Co-op. Supp.1994))